UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/09/2021

KRISTEN SCHUYLER,

      Plaintiff,

    v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

      Defendant.

No. 20-CV-10905 (RA)(BCM)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

  Plaintiff Kristen Schuyler filed this lawsuit in December of 2020, raising claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against Defendant Sun Life Assurance ("Sun Life"). Ms. Schuyler claims that Sun Life wrongly denied her long-term disability benefits under an employee benefit plan following a fall that left her with a traumatic brain injury. Before the Court is Sun Life's motion to transfer the case to the Middle District of Florida. For the reasons that follow, the motion is denied.

## BACKGROUND

  On February 26, 2021, Sun Life filed its answer to Ms. Schuyler's complaint, conceding that venue was proper in the Southern District of New York, although it later explained that it only did so "following a discussion with Plaintiff's counsel on the subject." Def.'s Br. at 1. On October 4, 2021, Sun Life filed an amended answer that contested that venue was proper here, and thereafter filed a motion to transfer this action to the Middle District of Florida. Defendant's brief in support of the motion asserts that transfer is warranted because, among other things, Plaintiff's 2020 tax returns, applications for unemployment benefits, and Paycheck Protection Program loans

1

disclosed during discovery indicate that she lived in Florida at the time of the breach, and because it would be more convenient to litigate this case in Florida. Defendant now also asserts that venue was never proper in the Southern District of New York in the first instance.

On October 18, 2021, Ms. Schuyler opposed the motion to transfer venue, arguing that her choice of venue should be given significant deference and that Florida is not more convenient than New York.

## DISCUSSION

The first question before the Court is whether venue in the Southern District of New York was proper in the first instance. Assuming it was, the Court must then decide whether this case could have been brought in the Middle District of Florida, and if so, whether transfer is appropriate. The Court answers the first two questions in the affirmative. Venue is proper in the Southern District of New York and this case could have been brought in the Middle District of Florida. The motion is nonetheless denied because Defendant has failed to show by clear and convincing evidence that transfer is appropriate and in the interest of justice.

**I.      Venue Is Proper in the Southern District of New York**

Under ERISA, a plaintiff can establish venue "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2). The parties do not argue that the plan was administered in the Southern District of New York and they dispute whether Sun Life resides or may be found in this district. The Court need not determine whether Sun Life resides or may be found here, however, because venue is proper in the Southern District given that a breach took place here.

A fiduciary breaches its duty under ERISA "by preventing or interfering with the receipt of benefits to which the participant is entitled." *Blatt v. Marshall & Lassman*, 812 F.2d 801, 813, (2d Cir. 1987). The Second Circuit has not addressed the question of where a breach takes place

for purposes of ERISA's venue provision. District courts are split on this question. Most agree that a breach takes place where the beneficiary "was supposed to receive his benefits, i.e., his residence." *Roshinsky v. Reynolds*, No. 06-CV-6340 (CJS), 2008 WL 2827528, at *3 (W.D.N.Y. July 21, 2008) (collecting cases). In determining the residence of a plaintiff in this context, these courts have looked to where the plaintiff was actually living at the time they would have, but did not, receive their benefits. *See, e.g.*, *McQuennie v. Carpenters Loc. Union 429*, No. 3:15-CV-00432, 2015 WL 6872444, at *2 (D. Conn. Nov. 9, 2015); *Barnum v. Mosca*, No. 108-CV-567 (LEK/RFT), 2009 WL 982579, at *2 (N.D.N.Y. Apr. 13, 2009); *Keating v. Whitmore Mfg. Co.*, 981 F. Supp. 890, 892 (E.D. Pa. 1997).

A minority of courts, by contrast, have determined that the breach took place where the decision to terminate or deny benefits was made. *See, e.g.*, *Turner v. CF&I Steel Corp.*, 510 F. Supp. 537, 541 (E.D. Pa. 1981); *Tyson v. Pitney Bowes Long-Term Disability Plan*, No. 07-CV-3105 (DMC), 2007 WL 4365332, at *3 (D.N.J. Dec. 11, 2007).

The Court finds the majority view persuasive and holds that, for purposes of ERISA's venue provision, a breach takes place where the plaintiff was supposed to receive benefits. As the *Barnum* court noted, there are several reasons to do so, including that: (i) finding the location of the breach to be where the decision to deny benefits was made would render superfluous the prong of the ERISA venue statute that provides for venue where the plan is administered; and (ii) the legislative history of ERISA suggests that it was Congress's intent to offer ERISA plaintiffs a broad choice of venues. *See Barnum*, 2009 WL 982579, at *3–4.

Ms. Schuyler is alleging two instances of breach under ERISA: when Sun Life initially denied her benefits on October 17, 2019 and when Sun Life denied her appeal on August 31, 2020. Because the Court finds sufficient evidence to believe that Ms. Schuyler was living in White

Plains, New York on August 31, 2020, the date she was to receive benefits had her appeal not been denied, she would have received her benefits there. Ms. Schuyler's lease agreement for her apartment in White Plains for the period of March 17, 2020 through July 2, 2021, her interrogatory responses asserting that she was indeed living in White Plains in August of 2020, and the fact that she received medical treatment in New York every two to five days from June 2020 through February 2021 provide sufficient evidence to establish that she was living in White Plains when Sun Life denied her appeal. Maddox Aff. Exs. A, at 5, B, E. Because that alleged breach took place in White Plains, venue is proper in the Southern District of New York.

## II.      Transfer to the Middle District of Florida

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The party requesting transfer bears the burden of establishing by clear and convincing evidence that transfer is warranted. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

In deciding a motion to transfer venue, the inquiry is two-fold. "First, the court must determine whether the action could have been brought in the proposed transferee forum." *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 616 (S.D.N.Y. 2016). Second, "the court must . . . determine whether transfer is appropriate." *Id.* In determining whether transfer is appropriate, courts consider several factors, including:

> (1) the locus of the operative facts; (2) convenience of the parties;
> (3) the convenience of the witnesses; (4) the location of relevant

4

> documents and relative ease of proof; (5) the relative means of the parties; (6) the availability of process to compel attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

*Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 477 (S.D.N.Y. 2006). "The factors do not comprise an exclusive list, and they should not be applied mechanically or formulaically but rather to guide the Court's exercise of discretion." *Matthews v. Cuomo*, No. 16-CV-4210 (NRB), 2017 WL 2266979, at *2 (S.D.N.Y. May 1, 2017).

While venue is proper in the Southern District of New York, this case could also have been properly brought in the Middle District of Florida because it is undisputed that Ms. Schuyler was living in Land O' Lakes, Florida when the initial breach took place on October 17, 2019—the date that her benefits were initially denied. The Court takes judicial notice that Land O' Lakes is located in Pasco County, which is part of the Middle District of Florida.

Notwithstanding the fact that the case could have been brought in the Middle District of Florida, Sun Life has not met its burden of establishing by clear and convincing evidence that transfer is warranted. On balance, convenience and the interest of justice lead the Court to keep Ms. Schuyler's case in this district.

First, the convenience of the parties, the second factor, weighs in favor of declining to transfer the case. Ms. Schuyler now lives in Connecticut, making her choice of forum a more convenient location than Florida. Sun Life has no offices or employees, nor any obvious connection, to the Middle District of Florida. With respect to factor five, while it may not prove a burden for Sun Life, litigating in a location so far away is likely to pose a considerable hardship and inconvenience on Ms. Schuyler.

Retaining the case in this district, moreover, would promote the convenience of witnesses, the third factor. "Courts typically regard the convenience of witnesses as the most important factor in considering a § 1404(a) motion to transfer." *Rosen v. Ritz-Carlton Hotel Co.*, No. 14-CV-1385 (RJS), 2015 WL 64736, at *3 (S.D.N.Y. Jan. 5, 2015). "[T]he convenience of non-party witnesses is weighed more heavily than that of party witnesses." *Id.* If witnesses are to be called, it appears that Plaintiff's treating doctors are located in New York. Maddox Aff. Ex. C. While some employees of Ms. Schuyler's former employer may be in Florida, on balance, the rest of the considerations outweigh this. Further, a party seeking a transfer based on this factor "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 396 (S.D.N.Y. 2014) (citation omitted). Sun Life has not done that here.

Additionally, Ms. Schuyler's choice of venue, the eighth factor, is "entitled to considerable weight." *Excelsior Designs, Inc. v. Sheres*, 291 F. Supp. 2d 181, 187 (E.D.N.Y. 2003). This is particularly true under ERISA's intentionally permissive venue provision. Finally, the last factor, efficiency and the interest of justice, weighs heavily in favor of denying the motion to transfer venue, as fact discovery has been completed and this Court is already familiar with the case.

The other factors that guide the Court's discretionary analysis—factors one, four, six, and seven—are neutral. The locus of operative facts in this case occurred both in Florida, where Ms. Schuyler initially applied for the benefits, and in New York, where she moved before her benefits were ultimately denied on appeal. Additionally, since the parties have indicated that fact discovery is now complete, the location of relevant documents is not affecting the Court's overall analysis. Further, while Sun Life argues that only a Florida District Court could mandate the appearance of relevant witnesses, the Court finds for the reasons cited above that most key witnesses are likely

in New York. Finally, both the District Court for the Middle District of Florida and the Southern District of New York are equally equipped to handle the federal ERISA claims at issue in this case, rendering this factor likewise neutral.

## CONCLUSION

For the foregoing reasons, Defendant's motion to transfer this action to the United States District Court for the Middle District of Florida is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 22.

SO ORDERED.

Dated:   December 9, 2021
         New York, New York

Ronnie Abrams
United States District Judge